[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2012
JOHN LEY
CLERK

No. 11-12139
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00013-MMH-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER L. WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 27, 2012)

Before TJOFLAT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Walter Williams was convicted at a bench trial on two counts for

distribution of heroin, one count for possession of heroin with intent to distribute,

and one count for possession of cocaine with intent to distribute, all in violation of 21 U.S.C. § 841(a)(1), and one count for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[1]  Williams appeals his convictions, raising one issue: whether the district court erred in denying his motion to suppress evidence the police found in a search of his vehicle following his arrest, to-wit: a Smith & Wesson .45 caliber pistol, heroin, and cocaine.  The search was conducted without a warrant, and Williams contends that none of the exceptions for warrantless searches applied.

We review a district court's denial of a motion to suppress under two standards.  We examine the court's findings of fact for clear error, and its application of the law to those facts *de novo*.  *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).  The district court referred Williams's motion to suppress to a magistrate judge.  He held an evidentiary hearing and recommended that the district court deny the motion.  Williams objected to the recommendation, but only as to the magistrate judge's legal conclusions.  The district court overruled his objections and denied his motion.  Since Williams did not object to the magistrate judge's fact findings, our review is limited to the district court's application of Fourth Amendment law.  We find no error in the application and

---

[1]  The court conducted the bench trial on facts the parties presented via stipulation.

2

therefore affirm.

Here are the facts on which the district court based its ruling. On August 24, 2009, an undercover narcotics detective in the Jacksonville, Florida Sheriff's office bought heroin from Williams, which Williams obtained from his pick-up truck. The detective bought heroin from Williams again, three days later on August 27; this sale took place inside Williams's pick-up truck. On September 14, 2009, narcotics officers in the Sheriff's office, aware of the August 14 and 27 heroin sales, spotted Williams near his truck. He saw them approaching and attempted to get into his truck. But they seized him and placed him under arrest, in handcuffs. As they were doing so, one of the officers  noticed a gun in the pocket of the door on the driver's side of the truck.

The officers placed Williams in a police car, and then seized the truck, for they had reason to believe that it contained contraband and thus was subject to forfeiture. They drove the truck to the police station, where, pursuant to the Sheriff's office's standard procedures, they searched it. The search uncovered the suspected contraband: heroin and cocaine, located in the truck's ash tray, and the gun that had been seen in the pocket of the driver's-side door.

The district court's conclusion that the foregoing facts gave the officers probable cause to arrest Williams for the drug offenses for which he was convicted

is unassailable.  Also unassailable is the court's conclusion that, given the totality of the circumstances, the officers had probable cause to believe that the truck contained evidence of Williams's heroin trafficking.  Accordingly, the automobile exception to the Fourth Amendment's warrant requirement authorized the warrantless search.  *See United States v. Tamari*, 454 F.3d 1259, 1261 (11th Cir. 2006).  The exception applied even though the officers searched the truck after taking Williams into custody and securing the vehicle.  *United States v. Birdsong*, 982 F.2d 481, 483 (11th Cir. 1993).  The court concluded, alternatively, that the officers' inventory search was proper.  We agree.  *See South Dakota v. Opperman,* 428 U.S. 364, 376, 99 S. Ct. 3092, 3100 (1976).

AFFIRMED.